# EXHIBIT A

Silvia G. Gerges, Esq. (Bar #01622012)
**LAWRENCE & GERGES, LLC**
250 Pehle Avenue, Suite 200
Saddle Brook, New Jersey 07663
Ph: (973) 833-4900; Fax: (973) 378-0074
Email: info@thelgfirm.com
Attorneys for Plaintiff

| | |
|---|---|
| PAMELA BORKE<br><br>     Plaintiff,<br><br> v.<br><br>ALFRED SANZARI ENTERPRISES, INC., "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time),<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION: BERGEN COUNTY<br><br>Docket No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

  This action has been initiated by Plaintiff PAMELA BORKE, residing at 400 Thomas Avenue, Township of Lyndhurst, County of Bergen, State of New Jersey by of Complaint against Defendants ALFRED SANZARI ENTERPRISES, INC., ABC CORPORATIONS 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time), for violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §§ 2601 et seq. As a direct consequence of the Defendants' unlawful actions, the Plaintiff suffered harm and seeks equitable relief and damages from the Defendants as set forth herein:

## FACTS

1. At all times relevant to this complaint, Defendants ALFRED SANZARI ENTERPRISES, INC. (hereinafter "SANZARI"), ABC CORPORATIONS 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time),was a business operating at 25 Main Street, City of Hackensack, County of Bergen, State of New Jersey and were Plaintiff's "employer" within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §§ 2601 et seq.

2. Plaintiff had been employed for several years in Defendant SANZARI's accounting department.

3. At all times relevant hereto, Plaintiff BORKE's performance met or exceeded her employer's reasonable expectations.

4. Plaintiff BORKE began to experience discrimination and retaliation shortly after she utilized protected medical leave for a surgery on her hand in 2023.

5. As soon as Plaintiff BORKE returned, her supervisor, Weslee Lorico, began to engage in a series of attacks on her professionally and personally.

6. Ms. Lorico raised her voice and berated Plaintiff BORKE for asking questions pertaining to work and spread rumors about Plaintiff instructing other coworkers to "watch their back."

7. Ms. Lorico further attempted to sabotage Plaintiff's work performance by refusing to provide instructions and guidance necessary for Plaintiff to complete tasks that were newly assigned to her.

8. Plaintiff BORKE was able to complete the essential functions of her job after hand surgery with no accommodations.

9. To the extent that Defendant SANZARI perceived that Plaintiff BORKE had an ongoing disability related to her hand surgery, Defendant did not attempt to engage in the interactive process to identify any necessary accommodations.

10. Further, Defendant SANZARI did not provide Plaintiff with the basic tools and information required to complete her job even without accommodations.
11. As a result of the hostile work environment created by Ms. Lorico towards Plaintiff, Plaintiff requested and took intermittent protected leave in the last several months of her employment with Defendant and used her sick or vacation time to get some relief from the constant harassment by Ms. Lorico.
12. Ms. Lorico then further retaliated against Plaintiff BORKE by reprimanding her for "attendance" even though her absences were protected under the law and her performance had not suffered as a result.
13. To the extent that Defendant SANZARI believed that Plaintiff's underlying disability or perceived disability was impacting her performance, Defendant did not attempt to engage in the interactive process of offering Plaintiff BORKE any reasonable accommodations to assist her.
14. By way of example only, Defendant did not attempt to accommodate Plaintiff BORKE by having her report to another supervisor or allowing her to work remotely in order to avoid direct and repeated contact with Ms. Lorico.
15. When Plaintiff BORKE objected that she was being reprimanded for protected leave, Ms. Lorico doubled down in her retaliatory actions and gave Plaintiff a written performance improvement plan citing that, amongst other things, she had an issue with her attendance.
16. Once again, the absences cited as having impacted her "attendance" were all protected intermittent leave protected by the FMLA.
17. Ms. Lorico's discriminatory and retaliatory hostile work environment towards Ms. Borke continued and was further condoned and excused by Defendant SANZARI's human resources department.
18. When Plaintiff complained about Ms. Lorico's actions to Mr. Jeffrey Fuller in Defendant's Human Resources department, she was met with excuses for Ms. Lorico's lack of professionalism and outright hostility towards the Plaintiff.

19. Plaintiff BORKE was constructively terminated by Defendant SANZARI at the completion of her unpaid medical leave on or about July 1, 2024 due to its failure to mitigate or otherwise intervene in the severely and pervasively hostile environment Plaintiff was subjected to by her direct supervisor.

## COUNT I

(DISCRIMINATION DUE TO DISABILITY/PERCEIVED DISABILITY)

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Plaintiff's surgery did not impact her ability to complete the essential functions of her job.

3. Defendants discriminated against Plaintiff due to her need to have a medical procedure.

4. Defendants subjected Plaintiff to a severe and pervasive hostile work environment, refused to provide Plaintiff with the essential information required to do her work after she returned from her medical leave after surgery and then falsely alleged she was not performing her work duties.

5. As a result of the foregoing, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, physical pain, and severe mental and emotional distress.

6. Defendant's wrongful actions were willful and malicious and/or in reckless disregard of Plaintiff's rights and involved the willful participation of upper management.

**WHEREFORE**, Plaintiff BORKE demands judgment against Defendants ALFRED SANZARI ENTERPRISES, INC., "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time) for:

A. equitable relief;

B. back pay;

C. front Pay;

B. loss of benefits;

C. compensatory damages;

D. punitive damages;

E. enhanced attorneys' fees and costs as permitted by law;

F. civil penalties as prescribed by law;

G. interest; and,

H. such other relief as the Court may deem proper.

5

## COUNT II

## (FAILURE TO OFFER REASONABLE ACCOMMODATION IN VIOLATION OF THE NJ LAD)

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Plaintiff's surgery did not impact her ability to complete the essential functions of her job.

3. Plaintiff could complete the essential functions of her job even while suffering work-related emotional/mental distress created by Defendant's discriminatory hostile work environment.

4. Defendant failed to engage in an interactive process with Plaintiff regarding potential accommodations for her disability and/or perceived disabilities.

5. Plaintiff could have continued to perform the essential functions of her job with a reasonable accommodation.

6. As a result of the foregoing, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, physical pain, and severe mental and emotional distress.

7. Defendant's wrongful actions were willful and malicious and/or in reckless disregard of Plaintiff's rights and involved the willful participation of upper management.

**WHEREFORE**, Plaintiff BORKE demands judgment against Defendants ALFRED SANZARI ENTERPRISES, INC., "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time) for:

A. equitable relief;

B. back pay;

C. front Pay;

D. loss of benefits;

E. compensatory damages;

F. punitive damages;

G. enhanced attorneys' fees and costs as permitted by law;

H. civil penalties as prescribed by law;

I. interest; and,

J. such other relief as the Court may deem proper.

K. such other relief as the Court may deem proper.

## COUNT III

(RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT)

1. The Plaintiff repeats and re-alleges all the allegations of the previous Counts as if set forth at length herein.

2. Plaintiff was entitled to protected FMLA leave for the time she utilitized for her surgery and her intermittent leave for her work-related anxiety.

3. Plaintiff had worked for more than 1250 hours in the 12 months preceding her request and/or entitlement for medical leave.

4. As to each protected leave, Defendant illegally alleged Plaintiff had "attendance issues" for protected leave time.

5. Plaintiff alleges and asserts that her demotions were unlawful under 29 U.S.C.A. § 2615, in that Plaintiff's demotions were discriminatory on the basis of Plaintiff's availing herself of her protected medical leave rights under the FMLA.

6. As a result of the foregoing, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, physical pain, and severe mental and emotional distress.

**WHEREFORE**, Plaintiff BORKE demands judgment against Defendants ALFRED SANZARI ENTERPRISES, INC., "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time) for:

A. Statutory damages in the amount equivalent to her lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii).

B. Additional liquidated damages in the amount of the above-requested

8

award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

C. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

D. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Silvia G. Gerges, Esq. is hereby designated as trial counsel in this within matter.

LAWRENCE & GERGES, LLC

Attorneys for Plaintiff

By: _____

Silvia G. Gerges, Esq.

Dated: January 15, 2025

## CERTIFICATION PURSUANT TO R. 4:5-1

Silvia G. Gerges, Esq., of full age, certifies in accordance with R. 4:5-1 and R. 4:4-4 (b), as follows:

The matter in controversy is not the subject of any other action pending in any court or in any proceeding against the Defendants. Based on present knowledge there exists no additional party who should be joined in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Silvia G. Gerges, Esq.

DATED: January 15, 2025

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-000325-25**

**Case Caption:** BORKE PAMELA VS ALFRED SANZARI ENTER PRISES, I
**Case Initiation Date:** 01/15/2025
**Attorney Name:** SILVIA G GERGES
**Firm Name:** LAWRENCE & GERGES LLC
**Address:** 250 PEHLE AVENUE SUITE 200 SADDLE BROOK NJ 07663
**Phone:** 9738334900
**Name of Party:** PLAINTIFF : Borke, Pamela
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Pamela Borke?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
      **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/15/2025
Dated

/s/ SILVIA G GERGES
Signed

Silvia G. Gerges, Esq. (01622012)
**LAWRENCE & GERGES, LLC**
250 Pehle Avenue, Suite 200
Saddle Brook, New Jersey 07663
Ph: 973-833-4900; Fax: 973-378-0074
Email: info@thelgfirm.com
Attorneys for Plaintiff

| | |
|---|---|
| PAMELA BORKE<br><br>Plaintiff,<br><br>v.<br><br>ALFRED SANZARI ENTERPRISES, INC., "ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiff at this time) and "JOHN DOES" 1-10 (fictitious names not known to Plaintiff at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-00325-25<br><br>CIVIL ACTION<br><br>**ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS** |

The undersigned hereby acknowledges service of a copy of the Summons and Complaint on the **Twenty-Third Day of January, 2025** on behalf of Defendants ALFRED SANZARI ENTERPRISES, INC.

Alexander Nemiroff, Esq.
Gordon Rees Scully Mansukhani
Three Logan Square, 1717 Arch Street

1

Suite 610

Philadelphia, PA 19103

Attorneys for Defendants ALFRED SANZARI ENTERPRISES, INC.

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK       NJ 07601-7680
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:    JANUARY 15, 2025
                            RE:      BORKE PAMELA   VS ALFRED SANZARI ENTER PRISES, I
                            DOCKET:  BER L -000325 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID V. NASTA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (201) 221-0700 EXT 25645.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                      ATT: SILVIA G. GERGES
                                      LAWRENCE & GERGES LLC
                                      250 PEHLE AVENUE
                                      SUITE 200
                                      SADDLE BROOK     NJ 07663


ECOURTS
```